473 P.2d 181 (1970)
EMPLOYERS CASUALTY COMPANY, Plaintiff in Error,
v.
D. M. WAINWRIGHT, d/b/a Park Oil Company and Larry Strange, Defendants in Error.
No. 70-209, Supreme Court No. 23488.
Colorado Court of Appeals, Div. I.
June 2, 1970.
Rehearing Denied July 2, 1970.
Certiorari Denied August 27, 1970.
Weller, Friedrich, Hickisch & Hazlitt, Denver, for plaintiff in error.
Robert W. Caddes, Denver, for defendants in error D. M. Wainwright.
Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is an insurance case dealing primarily with the question of whether the provisions of a lease exempted the lessee *182 from liability for a fire and explosion caused by the negligence of its agent.
The parties appear here in the same order as in the trial court. The suit was brought by the plaintiff, Employers Casualty Insurance Co., as subrogee of its insured, Alberta Nixon. Defendant Wainwright was the lessee of a gasoline service station owned by Nixon. Wainwright operated the station under the name Park Oil Co. and defendant Strange ran the station for Park Oil Co. The plaintiff claimed that on March 2, 1965, an explosion and fire occurred in the station; that defendant Strange, while acting within the scope of his employment, negligently caused the fire; that it subsequently repaired the premises under its contract of insurance with Nixon; that these repairs amounted to $5,653.03; and that under the provisions of the lease, the defendant Wainwright was obligated to make such repairs.
Trial was to the court which found that Strange was an employee of Wainwright, d/b/a Park Oil Co.; that Strange was negligent; and that his negligence was the proximate cause of the fire and explosion. However, the trial court entered judgment in favor of the defendants based on its conclusion that the lease provisions excepted defendant's liability for fire. The most pertinent lease provision is as follows:
"And said Lessee * * * covenants and agrees * * * at the expiration of this Lease to surrender and deliver up said premises in as good order and condition as when the same were entered upon, loss by fire, inevitable accident or ordinary wear excepted."
Employers Casualty sought writ of error alleging three errors by the trial court.

I
Plaintiff's first and principal assignment of error is that since the court found Strange negligent and that his negligence was the proximate cause of the damage to the lessor's premises, it should have granted recovery to the lessor's subrogee. Plaintiff argues that the lease did not require the lessor to insure for the benefit of the lessee and that neither any lease provision or the insurance which the lessor obtained exonerated the lessee from liability.
This is an issue of first impression in this state. However, the question which it presents has been considered by the courts of other states. Two distinct and opposite lines of authority have developed. We think the better view is expressed by the leading case of Rock Springs Realty v. Waid, 392 S.W.2d 270 (Mo.), 15 A.L.R.3d 774. Its fact situation is substantially similar and it analyses many of the cases cited by plaintiff and defendants in error in this case. In the Rock Springs case, the Supreme Court of Missouri said:
"The basic contentions here, pro and con, revolve around the construction of the provision that the lessee will surrender possession of the premises in good condition, `loss by fire, casualty, Providence and deterioration excepted.' Defendants say and the trial court agreed that this, considered along with the remainder of the lease, evidenced an intent to relieve the lessees from liability for all fires regardless of negligence, and if the lessor had intended the contrary, the stated exception should have been limited to `fire caused without negligence of tenant.' Appellant insists that the exception did not contemplate a fire caused by the lessee's negligence and that if such were intended that the intent should and must have been specifically and clearly stated. The issue here is thus rather narrow, though complicated."
The Missouri Court held that under the provisions of the lease, the intent of the parties was that fire insurance should be carried by the lessor for the benefit of both parties and that the exemption for loss by fire included fire caused by negligence. In effect, this holding precluded the lessor from taking action against the lessee. As applied to this case, if Nixon had no cause of action against Wainwright or Park Oil, *183 Employers Casualty cannot recover, as a subrogee cannot have rights greater than those of the subrogor. Phoenix Insurance Co. v. Erie & Western Transportation Co., 117 U.S. 312, 6 S.Ct. 750, 29 L.Ed. 873.

II
Plaintiff's second argument is that inasmuch as Strange was not a signatory to the lease, and was not a third party beneficiary thereof, he was not released from liability for negligence by any provisions of the tenant's lease nor by any release of the tenant raised by construction thereof. We do not agree with this assignment of error. The trial court found Strange negligent; that he was an employee of Wainwright; and that he was acting within the scope of his employment. The doctrine of respondeat superior imputed Strange's negligence to Wainwright. We have held above that Wainwright was not liable for the fire damage because of the terms of the lease. We think that under the particular fact situation presented here, the parties must have intended that Wainwright's employees also benefit from the exculpatory clause. Park Oil Co. operated a number of gasoline stations in the Denver area by leasing the premises from the owner and then procuring an operator to run it. The exemption would be shallow indeed if the parties did not intend for it to apply to Wainwright's employees as well.

III
Plaintiff's third argument is that the evidence was clear that the explosion caused the fire and that the damages caused by the two were separable. Plaintiff claims that it was error to deny recovery for the damage caused by the explosion since the court's conclusion of no liability was based upon its construction of certain lease provisions relating only to fire and it made no finding that the word "fire" included explosion damage. Plaintiff relies on German American Insurance Co. v. Hyman, 42 Colo. 156, 94 P. 27. The plaintiff in that case sued his insurance company for compensation for damages incurred due to a fire and explosion which occurred on the insured premises. The insurance policy issued by the defendant contained a specific exception as to explosion damage. The Supreme Court stated in part:
"If the fire preceded the explosion and the explosion was an incident thereto, the fire was the direct or proximate cause of the injury by explosion, and plaintiff was entitled to recover for his entire loss. But, if the explosion preceded the fire and was not caused by it, plaintiff can, under the express terms of the policy, only recover for that proportion of the damage resulting from the fire alone * * * But obviously the precedence of the explosion or of the fire is a question of fact. It depends upon and can only be determined by the evidence * * The burden was upon defendants to show that the explosion preceded the fire and that some portion of the loss sued for was occasioned by the explosion, and not by the fire * * * There is no evidence in the case tending to show that a fire existed on the premises prior to explosion * * * Fire is often the result of gasoline explosions. It usually follows quickly after the explosion * * * If any testimony had been received tending to show that a fire preceded and caused the explosion, thus creating a conflict of evidence upon this subject, we would probably regard the decision of the trial court as controlling. But, under the circumstances, we must conclude that he adopted an erroneous view of the law, or misconceived the effect of the evidence. Governed by this evidence, as, of course, we must be, we can come to no other conclusion but that the explosion produced the fire, and was not itself a mere incident to or result of a preceding fire."
Both parties in this case have quoted the last part of the above to support their respective positions. We feel that it does *184 not support the position of the defendants. In their brief they refer to two places in the record which they assert show without question that the fire preceded the explosion. One of these references indicates that exactly the reverse was the case. They also assert that "the court found that there was a flash fire first, which was followed by an explosion." The trial court made no finding as to priority. It merely stated, "there was a flash fire and an explosion." (Emphasis supplied.)
Thus, in keeping with the holding of German American Insurance Co. v. Hyman, supra, we must come to the conclusion that the explosion produced the fire and was not itself a mere incident to or a result of a preceding fire.
Considering alleged errors I and III together, we hold Wainwright, d/b/a Park Oil Co. to be liable for the damage incurred by the explosion and exonerate Wainwright for the damage resulting from the subsequent fire. The burden of proving what portion of the total damage was attributable to fire and what portion was caused by the explosion was on the plaintiff. German American Insurance Co. v. Hyman, supra. The undisputed testimony of the contractor who performed the repairs showed that the building sustained a total of $5,653.03 in damage. He clearly attributed $520.64 thereof to the fire and felt that items totaling $2,072.24 could have been caused by either explosion or fire. The balance of $2,592.88 was explosion damage for which plaintiff can recover. The plaintiff cannot recover the $2,072.24 which could have been caused by either fire or explosion as it did not meet its burden of proof as to this amount. We have already stated in regard to alleged error II that defendant Strange is liable only to the extent that his employer is liable.
The case is remanded to the trial court with directions to enter judgment against defendants Wainwright, d/b/a Park Oil Co. and Strange in the amount of $2,592.88.
SILVERSTEIN, C. J., and DWYER, J., concur.