Ethil & Thelma FAIN d/b/a Fain's Furniture and Moving, Plaintiffs-Respondents,

v.

GTE SYLVANIA, INC., and Schermer, Inc., Defendants-Appellants.

No. 45087.

Missouri Court of Appeals, Eastern District, Division Four.

March 29, 1983.

Kemper R. Coffelt, Clayton, for defendants-appellants.

Ralph Levy, III, Clayton, for plaintiffs-respondents.

PUDLOWSKI, Presiding Judge.

This is a product liability case brought by a retailer (respondents) against the manufacturer and wholesaler of a television set which allegedly started a fire and caused property damage to respondents' place of business. The jury awarded respondents $15,844.73 in damages. Appellants first contend that respondents' evidence was insufficient to support submission of the case on a theory of strict products liability as defined in the Restatement of Torts 2d § 402A. Secondly, appellants contend the trial court erred in refusing to grant its motion for a new trial based on respondents' failure to prove as damages the change in the fair market value of their property, the proper measure of damages under MAI 4.02.

In determining whether a submissible case was made, we must consider the facts in a light most favorable to the plaintiffs. *Winters v. Sears, Roebuck & Co.*, 554 S.W.2d 565, 569 (Mo.App.1977). Viewed in this light, the facts are as follows: The fire occurred during the early morning hours of May 6, 1976. Immediately after the fire was extinguished, the Assistant Fire Chief began his investigation into the cause of the fire. His investigation centered on a particular room where most of the damage had occurred. The heaviest burning and charring was in the area of a counter near the west wall of the room. On this counter were the charred remains of a television set, a coffeemaker, and several metal paint cans. The area immediately around the TV set was the most heavily burned. The television power cord was still attached to an outlet and was not charred from the outlet outwards for approximately 2½ feet. The coffeemaker and the lamps were not plugged in. The Assistant Chief examined both of the electrical outlets on the west wall, and found that neither was defective. Metal parts of the TV set had been melted but metal parts of the coffeemaker and the paint cans were not melted. The Assistant Chief drafted a report for the Community Fire Protection District which stated that the origin of the fire was "possibly electrical" and that the origin of the fire was "possibly the television set."

At the trial, the Assistant Chief testified that he had 28 years of experience as a firefighter and that he had investigated "more than a thousand" fires during that time. He stated that in his opinion the television set was the cause of the fire.

This opinion was based upon the Assistant Chief's examination of the premises. The television set itself was completely destroyed and could not be examined or tested.

The respondents testified that they had unplugged the coffeemaker and two lamps before closing up the store on the night of the fire. The TV set was turned off but not unplugged because the outlet was not easily accessible. Respondents testified that the TV set had been purchased about seven months earlier and had never been repaired or altered. The set was used almost every business day and had always worked properly.

■ Appellants contend that this evidence was not sufficient to permit the jury to find either 1) that the television set was the cause of the fire or 2) that the television set was sold in a defective condition. We disagree. Respondents presented evidence of the pattern of burning and damage, which tended to show that the television set was the cause of the fire. They presented the expert opinion testimony of the Assistant Fire Chief. They also produced evidence tending to exclude other possible causes (i.e., the electrical outlets, the coffeemaker, etc.). The jury could have reasonably concluded from the totality of the evidence that the TV set was the cause of the fire. An inference need not be justified beyond all doubt and is not precluded by a mere possibility that the contrary may be true. *Scheele v. American Bakeries Co.,* 427 S.W.2d 361, 365 (Mo.1968).

■ The jury could similarly infer that the television set was defective, even without proof that some specific component of the set was defective. Although the mere fact of an accident, standing alone, does not generally make out a case that a product is defective, common experience tells us that some accidents do not ordinarily occur in the absence of a defect and in those situations the inference that a product is defective is permissible. *Winters v. Sears, Roebuck & Co.,* 554 S.W.2d 565, 569 (Mo.App. 1977). See also cases cited in Annot., 51

A.L.R.3d 8, 15. We find that the trial court properly allowed this issue to go to the jury.

■ Appellants also contend that the trial court erred in submitting MAI 4.02 as a damage instruction because there was no substantial evidence of the fair market value of respondents' property both before and after the fire. The fire damaged both respondents' inventory and the structure. Respondents testified that they had purchased the inventory at a cost of $12,879.92. After the fire, it was sold to a salvage company for approximately $4,500. Personal property and fixtures valued by respondents at $575.30 were totally destroyed. The store, located at 8383 Midland in St. Louis County, was "basically a house-type structure with a basement and first floor." It sustained principally soot and water damage, and some structural damage (to wallboard and flooring). Respondents testified that they incurred costs totalling $6,889.51 for repairs to the building. They did not introduce evidence of the market value of the building before and after the fire.

There clearly was substantial evidence of the fair market value of respondents' inventory, personal property and fixtures both before and after the fire. The owners' testimony was sufficient to establish the value of such items before the fire and their salvage value, if any, after the fire. *Casada v. Hamby Excavating Co., Inc.,* 575 S.W.2d 851, 857 (Mo.App.1978). It was proper to use MAI 4.02 as the damage instruction for these items.

■ With respect to damage to the building, the evidence did not comport with the requirements of MAI 4.02. However, we are convinced that appellant suffered no prejudice from this error. In rare cases such as this, it appears that cost of repair would in fact be the proper measure of damages, since the damages were superficial in nature and the $6,889.51 cost of repair would be insignificant in relation to the value of the building as a whole. See MAI 4.02 Notes on Use and Committee's Comments, p. 58. Respondents' prayer for damages was based upon evidence of the cost of repair. The jury's award precisely

reflected this evidence and clearly was not based on any speculation as to the fair market value of the property. Appellants do not attack the accuracy of the cost figures admitted into evidence. They make no attempt to argue that they were prejudiced by the use of unmodified MAI 4.02, and do not suggest that the verdict was excessive. Under these circumstances we are satisfied that no prejudice resulted. *Matulunas v. Baker,* 569 S.W.2d 791, 798 (Mo.App.1978).

The judgment of the trial court is therefore affirmed.

SMITH and KELLY, JJ., concur.