HARTFORD INSURANCE COMPANY, Plaintiff–Appellant,

v.

CMC BUILDERS, INC., and St. Vrain Electric, Inc., Defendants–Appellees.

No. 86CA0962.

Colorado Court of Appeals, Div. VI.

Feb. 18, 1988.

Cooper & Kelley, P.C., Frank R. Kennedy, Denver, for plaintiff-appellant.

Barrows and Sisun, P.C., Thomas H. Barrows, Stephen M. Fowler, Denver, for defendant-appellee CMC Builders, Inc.

White & Steele, P.C., John M. Lebsack, Maureen A. Sullivan, Denver, for defendant-appellee St. Vrain Electric, Inc.

SILVERSTEIN[*], Judge.

Plaintiff, Hartford Insurance Company, appeals the judgment of the trial court dismissing its complaint following the entry of summary judgment for defendants, CMC Builders, Inc., and St. Vrain Electric, Inc. We affirm.

Smart Development Company contracted with CMC Builders to build a townhouse project. CMC Builders hired St. Vrain to do the electrical work. The principal contract provided, "any loss of property shall be covered by Builders Risk insurance provided by the owner." Pursuant to this provision, the owner (Smart) purchased the required insurance from plaintiff. Subsequently a fire occurred, the plaintiff paid the loss and then, as subrogee, brought the present action.

A subrogee cannot have rights greater than those of the subrogor. *Employers Casualty Co. v. Wainwright*, 28 Colo.App. 292, 473 P.2d 181 (1970). Therefore, we must look to the contract between Smart and CMC to determine the plaintiff's rights.

Plaintiff contends that the contract is ambiguous and that, therefore, there is a disputed issue of fact since the court must look outside the contract to determine the intent of the parties. We disagree, and determine, as did the trial court, that the contract is unambiguous.

The pertinent provision provides:
"The Contractor shall hold the Owner harmless from ... all liability or damage ... including without limitation, all liability, damages, loss, claims, demands, and actions on account of personal injury, death or property loss[*] to Owner...."

_____
[*] any loss of property shall be covered by Builders Risk insurance provided by Owner."

Defendants contend that the asterisk and its attendant clause (addendum) create an exception to the otherwise specified liability. We agree.

It is clear that without the addendum the defendants would be contractually liable for the damage to the property. "It is an oft-repeated general rule of construction that each and every provision in a contract must be given effect if at all possible." *Aronoff v. Western Federal Savings & Loan Ass'n*, 28 Colo.App. 151, 470 P.2d 889 (1970). Therefore, we must assume the addendum was inserted for some purpose. That purpose was to relieve the contractor

from liability for property damage, and to put the obligation on the owner to protect itself through the purchase of insurance. To hold otherwise would render the addendum superfluous.

As was stated in *Steamboat Development Corp. v. Bacjac Industries, Inc.*, 701 P.2d 127 (Colo.App.1985),

"The contract here clearly mirrors the parties' intent to provide mutual exculpation from losses [to property] and their agreement to look solely to insurance in the event of [such] loss and not to recovery from the other party."

Such is the case here. *See Employers Casualty Co. v. Wainwright, supra.*

Judgment affirmed.

BABCOCK and CRISWELL, JJ., concur.