543 P.2d 1159

**MAY TRUCKING CO., an Idaho Corporation, and Transport Indemnity Company, a California Corporation, Plaintiffs-Appellants,**

v.

**INTERNATIONAL HARVESTER COMPANY, a Delaware Corporation, and Boise International, Inc., a Delaware Corporation, Defendants-Respondents.**

No. 11753.

Supreme Court of Idaho.

Dec. 22, 1975.

Glenn A. Coughlan of Coughlan, Imhoff, Christensen & Lynch, Boise, for plaintiffs-appellants.

Eberle, Berlin, Kading, Turnbow & Gillespie, Michael G. Brady of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

DONALDSON, Justice.

Appellant, Transport Indemnity Company, brought this action against respondents, International Harvester Company and Boise International Inc., seeking indemnity for moneys paid by Transport Indemnity, the insurer, to co-appellant May Trucking Company pursuant to a contract for insurance. The trial court found the insurer Transport Indemnity's action not to be based on indemnity but rather one based on the right of subrogation and granted respondents' motion for summary judgment on the ground that the applicable statutes of limitation [1] had run prior to the filing. Transport Indemnity appeals that ruling.

In 1969, Ronald K. Farmer bought a truck from the respondent Boise International, Inc. By agreement, Farmer leased the truck to May Trucking Company and drove it for them, hauling May's trailers. On March 16, 1971, the truck, and a trailer owned by May Trucking Company, ran off the road and were damaged to the sum of $16,387.75. May Trucking had a policy of insurance with appellant Transport Indemnity for damage to property owned by May and also property under "bailment" to May. Pursuant to the contract, Transport

---

[1]. The limitation period for instituting an action for tortious injury to goods or chattels is three years. I.C. §§ 5-201, 5-218.(3). All actions for any breach of contract for sale must be commenced within four years after the cause of action has accrued. The cause of action for breach of contract for sale accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made. I.C. § 28-2-725. Note that I.C. § 28-2-725, which became law on January 1, 1968, effectively overrules prior Idaho case law holding that the right of action for breach of warranty accrues at the time the buyer ascertains the purchased item was defective.

Indemnity made payments on April 12, May 7, and May 12, 1971 to May Trucking covering the loss of both the truck and trailer. On May 5, 1974, over three years after the accident, the present action for indemnity was filed by appellants against International Harvester Company, manufacturer of the truck, and Boise International, Inc., the seller.

The single issue facing this Court is whether the district court was correct in finding the action not to be one of indemnity but rather one based on the right of subrogation.

■■ Both indemnity and subrogation are equitable principles based on the general theory that one compelled to pay damages caused by another should be able to seek recovery from that party. The doctrines overlap in some cases and certainly the possessor of the right of indemnity may also possess the right of subrogation.

In *Williams v. Johnston*, 92 Idaho 292, 442 P.2d 178 (1968), this Court, in defining subrogation, stated:

" ' "Subrogation, in its broadest sense, is the substitution of one person for another, so that he may succeed to the rights of the creditor in relation to the debt or claim and its rights, remedies and securities. The doctrine is derived from the civil law from which it has been adopted by the courts of equity. * * * *Its principle is often extended to those who, because of their interest in the property on which debts of others are a charge, are entitled to pay such debts and be substituted to the place of the original creditor.* Generally speaking it is only in cases where one advances money to pay the debt of another to protect his own rights that a court of equity substitutes him in place of the creditor as a matter of course, without any express agreement to that effect. The doctrine of subrogation is not administered as a legal right but the principle is applied to

subserve the ends of justice and to do equity." ' " (emphasis added) 92 Idaho at 298, 442 P.2d at 184.

■■ The common law right of indemnity, on the other hand, refers to those situations where a person who without fault on his part is compelled to pay damages occasioned by the negligence of another. *Industrial Indemnity Co. v. Columbia Basin Steel & Iron, Inc.*, 93 Idaho 719, 471 P.2d 574 (1970); *Williams v. Johnston, supra; Prickett v. Hawkeye-Security Insurance Co.*, 282 F.2d 294 (10th Cir. 1960); *Allied Mutual Cas. Corp. v. General Motors*, 279 F.2d 455 (10th Cir. 1960); Dobbs, Handbook on the Law of Remedies § 43, pp. 250–252 (1973); *Popkin Bros. v. Volk's Tire Co.* 23 A.2d 162, 20 N.J.Misc. 1 (1941); Restatement of Law on Restitution No. 76. The party seeking indemnity may base his claim on a number of theories, including the following examples:

(1) The indemnitee may claim that his liability was based on passive neglect, while the indemnitor was guilty of recklessness.

(2) The indemnitee owed only a secondary duty to the injured party while the indemnitor was primarily responsible, as in cases where a municipal corporation has the primary duty to keep the streets in safe condition and the landowner has a secondary duty.

(3) The indemnitee may be only vicariously liable for the actual negligence of his employee and seek indemnity. These are the agency cases.

■ The final distinction between subrogation and indemnity which is the key to this appeal, is the effect each has on the statute of limitation. An insurer's claim by subrogation is derivative from that of the insured, and it is subject to the same statute of limitation as though the action were sued upon by the insured. *Sunset-Sternau Food Co. v. Bonzi*, 60 Cal.2d 834, 36 Cal.Rptr. 741, 389 P.2d 133 (1964);

*Earley v. Rooney*, 49 Wash.2d 222, 299 P. 2d 209 (1956); Restatement on the Law on Restitution § 77, p. 341. In the present case, the statutes of limitation for the various tort actions began running at the time of the accident, March 16, 1971.

The cause of action for indemnity, however, arises at and the statutes of limitation begin to run from the time of payment or settlement by the indemnitee. *Liberty Mutual Insurance Company v. Fales*, 8 Cal.3d 712, 106 Cal.Rptr. 21, 505 P.2d 213 (1973); Couch on Insurance 2d § 61:230. In this case the record is unclear as to when, if ever, May Trucking Company paid Farmer for the damage to his truck and this would be the definitive date.

It is clear that the insurer, after paying May Trucking for the damages resulting from collision, is entitled to subrogation against the tortfeasor who is legally responsible for the harm caused the insurer.[2] The net effect of such a finding is that Transport Indemnity Company as the insurer is substituted to any cause of action which May Trucking would be entitled to bring. It is therefore essential to determine what, if any, rights May Trucking Company had as a result of the collision.

The original complaint founded the present action on the theories of strict liability in tort, negligence and breach of implied warranty. Under the statutes of limitation applicable to these causes of action[3] May Trucking was barred from such actions by the date of filing the complaint. Since the truck had been bought in 1969, the breach of warranty action was extinguished in 1973, as nothing occurred to stay the running of the four year statute of limitation. Similarly, since the accident occurred on March 16, 1971, the three year statute on tort claims barred all tort claims as of March 16, 1974. As the subrogee, Transport Indemnity occupies the position of the party for whom he is substituted and has the same but no greater rights. In other words, appellant is limited to the rights of May Trucking and no others. *United States v. Munsey Trust Co.*, 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947); *Employers M. L. I. Co. of Wis. v. Robert E. McKee G. C., Inc.*, 16 Ariz.App. 77, 491 P.2d 27 (1971); *Employers Casualty Co. v. Wainwright*, 28 Colo.App. 292, 473 P.2d 181 (1970); 44 Am.Jur.2d Insurance § 1821; 73 Am.Jur.2d Subrogation § 106. Thus, if these are May Trucking's only causes of action, then the district court was correct in granting the motion for summary judgment on the basis of the statutes of limitation. The pivotal question is whether May Trucking had any other rights which were subrogated to Transport Indemnity.

With regard to damage caused to the trailer owned by May Trucking we can find no other actions which were available to them. To argue, as appellant does, that there was a right to indemnity is fatuous. Certainly May Trucking was not compelled to pay anyone for damages resulting to their trailer and clearly had no right of indemnification against the respondents. Appellant Transport Indemnity, having no greater rights, cannot argue a right of indemnity.

Turning to the damage to the truck, the issue is not so clear-cut. The truck was owned by Farmer, not May Trucking Company, and an issue of fact remains unresolved as to whether under the leasing agreement May Trucking was contractually obligated to reimburse Farmer for damages resulting from business operations.

In *Williams v. Johnston, supra,* this Court, in discussing the various indemnity cases involving torts, referred to Davis, Indemnity Between Negligent Tortfeasors: A Proposed Rationale, 37 Iowa L.Rev. 517 (1952), which outlined classifications of such cases. In discussing cases of imputed

---

2. Couch on Insurance 2d § 61:233 (1966).

3. *Supra*, n. 1.

or derivative liability, Davis considered a class which seems particularly analogous to the present case:

" '* * *

" '2. Cases analogous to agency cases. The same principle applies in any case where the one seeking indemnity has been held liable, not because of any personal fault, but because of a duty imposed by law [*e. g.*, enforcement of a right granted by contract], by virtue of his relationship to another, making him responsible for the negligence of the other. This rule does not depend on the existence of a clear-cut master-servant or principal-agent relationship. It obtains, for instance, in cases where some rule of law imposes liability on a man for the negligent act of an independent contractor whom he has hired, or where a contractor not personally at fault is held for the negligent act of his sub-contractor.

" '* * *.' " *Williams v. Johnston, supra*, 92 Idaho at 295, n. 1, 442 P.2d at 181 n. 1.

If May Trucking Company, by virtue of its contractual arrangement, did pay Farmer for the damage to the truck, then Transport Indemnity would be entitled to be subrogated to indemnity rights of May Trucking against the respondents on the above stated principle that May was liable to Farmer because of a contractual duty and not because of any personal fault.

The district court's granting of summary judgment is affirmed as to the issue of damage to the trailer. The portion of the summary judgment dealing with damage to the truck is reversed, and cause remanded for proceedings in conformity with this opinion.

No costs allowed.

McQUADE, C. J., and McFADDEN and BAKES, JJ., concur.

SHEPARD, J., dissents, believing the entire judgment should be affirmed.