905 P.2d 1025

**EMPIRE FIRE AND MARINE INSURANCE COMPANY, individually and as subrogee and as representative of Ricks Car Store and U–Save Auto Rental, Plaintiff–Respondent,**

v.

**NORTH PACIFIC INSURANCE COMPANY, Defendant–Appellant.**

No. 20459.

Supreme Court of Idaho, Pocatello, May 1994 Term.

Aug. 10, 1995.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for appellant. William D. Olson argued.

Johnson Olson, Chtd., Pocatello, for respondent. Charles Johnson, III argued.

## SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED 06/23/95 IS HEREBY WITHDRAWN

SILAK, Justice.

This is an insurance coverage dispute. Losses from an auto collision were covered by two auto insurance policies, both of which contained "other insurance" clauses. The two companies that issued the policies contend the "other insurance" clause in their own, but not the other company's policy, should be enforced, and that the other company's policy should be considered the primary insurance.

## I.

### BACKGROUND AND PROCEDURE

Kacey Pulley (Pulley) rented an automobile from Rick's Car Store, Inc., d/b/a U–Save Auto Rental (U–Save) on July 3, 1990. Pulley indicated on the rental agreement between Pulley and U–Save that he was covered by an automobile insurance policy issued to his parents by North Pacific Insurance Company (North Pacific). Pulley declined the optional collision coverage, personal accident insurance, and personal effects coverage offered by U–Save. However, the rental agreement contained a clause regarding liability insurance that provided:

> **6. Liability Insurance.** Without additional charge, Customer and authorized drivers named on Page 1 are covered by an automobile liability insurance policy (the "Policy"), a copy of which is available for inspection at Lessor's office. The policy provides excess insurance over any other liability insurance available to Customer or authorized drivers. The Policy provides primary insurance coverage only where state law requires primary coverage on rented vehicles. The Policy provides bodily injury or death liability and property damage limits of at least the minimum levels prescribed by the laws of the state in which the Vehicle is rented.

The liability insurance policy referred to in this part of the rental agreement, issued by Empire Fire and Marine Insurance Company (Empire), contained an "other insurance" clause, which provided:

> **4. OTHER INSURANCE**
>
> For any covered "auto", the insurance provided by this policy is excess over any other collectible insurance or "self insurance" available to "you", any "member" or any "insured", whether such insurance or "self insurance" is primary, excess or contingent..

The North Pacific policy that covered Pulley also contained an "other insurance" clause, which states:

**OTHER INSURANCE**

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

As a result, during the period he rented the car from U–Save, Pulley was covered by liability insurance policies provided by both Empire, through the rental agreement, and North Pacific, through his parents.

On July 6, 1990, Pulley was involved in a collision with four legally parked cars while driving the rented car. The property damage to those cars totalled $13,523.12, which Empire paid to the owners of those cars. Empire then sought partial reimbursement from North Pacific. North Pacific refused to pay any amount, claiming that the other insurance clause in its policy limited coverage in cases where an insured was driving a vehicle not owned by its insureds to the amount of liability in excess of any other coverage available. Because the Empire policy provided coverage for the entire amount of Pulley's liability, North Pacific contended that it was not required to pay any amount.

Empire filed a declaratory judgment action and claim for money damages in district court. Empire sought to have the district court order that North Pacific was required to reimburse Empire for a portion of the damages paid under the Empire policy. Empire also requested interest accruing on that amount from August 1, 1990, as well as costs and attorney fees. Empire and North Pacific thereafter filed cross motions for summary judgment.

Relying on this Court's decision in *Sloviaczek v. Estate of Puckett*, 98 Idaho 371, 565 P.2d 564 (1977), the district court granted summary judgment in favor of Empire, holding that the loss should be paid in proportion to the amount of insurance provided by the respective policies. The district court then concluded that Empire was entitled to be reimbursed $11,852.11 from North Pacific. The district court also awarded Empire prejudgment interest, costs as a matter of right, and attorney fees. North Pacific appeals, contending that the district court erred by prorating the amount of the loss between the insurance companies and by awarding attorney fees.

## II.

### STANDARD OF REVIEW

Idaho Rule of Civil Procedure 56(c) directs that summary judgment be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court's review of a district court's ruling on a motion for summary judgment is the same as that required of the district court when ruling on the motion. On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *E.g., Harris v. Department of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990).

## III.

### THE DISTRICT COURT PROPERLY CALCULATED THE RESPECTIVE LIABILITIES OF THE INSURANCE COMPANIES

North Pacific argues that, because the Idaho Motor Vehicle Financial Responsibility Act (IMVRA), I.C. § 49–1201 *et seq.*, requires that U–Save carry liability insurance on vehicles it rents, the district court should have rejected the other insurance clause in the Empire policy as violative of the IMVRA. We disagree.

The IMVRA does not address the efficacy of other insurance clauses in cases where more than one insurance policy is at issue.[1] That issue was directly addressed by this Court's decision in *Sloviaczek v. Estate of Puckett*, 98 Idaho 371, 565 P.2d 564 (1977). In *Sloviaczek*, this Court adopted the rule stated by the Oregon Supreme Court in *Lamb–Weston, Inc. v. Oregon Auto. Ins. Co.*, 219 Or. 110, 341ᵢ P.2d 110 (1959), that conflicting other insurance clauses are mutually repugnant and must be disregarded. *Sloviaczek*, 98 Idaho at 375, 565 P.2d at 568. North Pacific's assertion, that Empire's other insurance clause should be ignored while North Pacific's other insurance clause should be enforced, directly conflicts with this Court's holding in *Sloviaczek* that "*Lamb–Weston* should apply in all cases where conflicting 'other insurance' clauses of the excess, pro rata or escape types are found." *Id. See also State v. Continental Casualty Co.*, 126 Idaho 178, 185, 879 P.2d 1111, 1118 (1994) (applying *Lamb–Weston* rule). We therefore conclude that the district court properly required North Pacific to pay a portion of the damages caused by Pulley's accident.

North Pacific also contends that the district court improperly based its decision on the fact that Pulley intended to rely on his North Pacific policy, rather than the Empire policy. *Sloviaczek* directs that the *Lamb–Weston* rule be applied in all cases where an insured is covered by multiple policies which contain conflicting other insurance clauses. Pulley's subjective expectations of coverage are irrelevant to the question of whether there are conflicting other insurance clauses, and have no impact on the application of the *Lamb–Weston* apportionment of the loss.

■ The district court also properly computed North Pacific's share of liability according to the formula required by *Sloviaczek*: when the losses are less than the combined limits of all applicable policies, they should be allocated pro rata in proportion to the amount of insurance provided by the respective policies. *Sloviaczek*, 98 Idaho at 375, 565 P.2d at 568. At the time of the accident, North Pacific's policy provided $100,000 of liability coverage and the Empire policy provided $15,000 of liability coverage. Thus, North Pacific provided eighty-seven percent of the combined coverage available under the two policies, and is responsible for that portion of the total liability incurred by Pulley.

## IV.

## THE DISTRICT COURT DID NOT ERR BY AWARDING ATTORNEY FEES TO EMPIRE

■ According to both the general notion of subrogation and the express terms of the Empire policy, when Empire paid the claims for liability against Pulley, Empire succeeded to Pulley's power to pursue claims against any third parties for some or all of the amount paid by Empire. *Chenery v. Agri–Lines Corp.*, 115 Idaho 281, 285, 766 P.2d 751, 755 (1988) ("Subrogation, in its broadest sense, is the substitution of one person for another, so that he may succeed to the rights of the creditor in relation to the debt or claim and its rights, remedies and securities." *quoting Houghtelin v. Diehl*, 47 Idaho 636, 639–40, 277 P. 699, 700 (1929)); *see May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 322, 543 P.2d 1159, 1162 (1975) (lessee's insurer subrogated into position of lessee for purpose of pursuing claims against tortfeasor).

■ In the present case, Empire was under a duty, as Pulley's insurer, to pay the debts incurred by Pulley as a result of the July 6 accident. Because North Pacific was also Pulley's insurer, with an affirmative duty to pay the liability from the accident, Pulley had a right, as the insured, to require that North Pacific pay its share of that liability. If it became necessary to bring an action against North Pacific to secure such payment, Pulley would have been entitled to recover attorney fees. I.C. § 41–1839(1). A

---

1. We also note that North Pacific's contention that U–Save was the vehicle owner for purposes of the IMVRA ignores the definition of "owner" provided in I.C. § 49–116(3): " 'Owner' for the purposes of chapter 12 means the person legally responsible for the operation of a vehicle upon the highways of the state of Idaho, whether as owner, lessee or otherwise."

subrogee standing in the shoes of the insured is similarly entitled to recover attorney fees incurred to secure payment under the terms of the policy.

■ North Pacific contends that, because the record contains no showing that Pulley provided North Pacific with "proof of loss", as required in I.C. § 41–1839, no award of fees can be allowed under that statute. However, the record, through a series of correspondence between Empire and North Pacific, clearly establishes that North Pacific was notified of Empire's claimed loss as required by the notice provision of the North Pacific policy with Pulley. Section 41–1839 requires that the insured comply with the notice provisions of the policy to qualify for attorney fees. Empire, subrogated into the position of Pulley, assumed the responsibility of providing such notice. Because North Pacific failed to pay an amount justly due under its policy within thirty days of Empire's claim, and Empire was thereafter required to file suit to recover its loss, an award of fees is proper. *See Mutual of Enumclaw v. Harvey*, 115 Idaho 1009, 1015, 772 P.2d 216, 222 (1989) (affirming I.C. § 41–1839 award of fees to judgment creditor at trial and awarding additional fees under that section on appeal); *Bonner County v. Panhandle Rodeo Ass'n, Inc.*, 101 Idaho 772, 777, 620 P.2d 1102, 1107 (1980) (*any* person who has a claim under an insurance policy can recover attorney fees under § 41–1839, including additional insureds).

■ Finally, North Pacific contends that in awarding Empire attorney fees the district court failed to make the findings required by I.R.C.P. 54(e)(3), which lists various factors to be considered in awarding fees. Contrary to North Pacific's argument, Rule 54(e)(3) does not require the district court to make specific findings in the record, but rather requires the district court to *consider* the stated factors in determining the amount of the fees. *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988). The court need not make specific findings demonstrating how it employed any of those factors in reaching an award amount. *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct.App.

1992). The district court's decision regarding attorneys fees contains the following statement:

> Defendant asserts that the amount of attorney fees claimed is unnecessarily high, as the dispute originally contemplated other parties and issues. However, in reviewing the affidavit of plaintiffs' attorney, all time appears to be reasonably within the specific area of this litigation and the total amount of time and hourly charges are reasonable.

It is North Pacific's burden to demonstrate a clear abuse of discretion in the trial court's award of attorney fees. *Brinkman*, 115 Idaho at 350, 766 P.2d at 1231. North Pacific has not met that burden here.

## V.

## CONCLUSION

The district court's judgment and award of costs, prejudgment interest, and attorney fees in favor of Empire is affirmed. Costs on appeal to respondent. Attorney fees awarded to respondent on appeal pursuant to I.C. § 41–1839.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and REINHARDT, Justice Pro Tem concur.