944 P.2d 1386

EASTERN IDAHO AGRICULTURAL CREDIT ASSOCIATION, a Federally Chartered Corp., Plaintiff–Appellant,

v.

Ira L. NEIBAUR and Monica D. Neibaur, husband and wife; Darwin P. Neibaur, a single man; June G. Neibaur, a single woman; Darwin P. Neibaur, June G. Neibaur, Steve Neibaur, Burke Neibaur, Ira Neibaur, Renae Hartley, Corinne Jones, and Dana Lee Dorsey, dba Darwin Neibaur Farms, an Idaho General Partnership, Defendants–Respondents,

and

Valley Bank of Idaho, an Idaho Banking Corporation; John Deere Company, a Division of Deere & Company, a Delaware Corporation; and John Does I–V, Inclusive, Defendants.

No. 21530.

Supreme Court of Idaho.
Twin Falls, November 1996 Term.

Aug. 27, 1997.

Rehearing Denied Aug. 27, 1997.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for Plaintiff–Appellant. Daniel C. Green argued.

Ling, Nielsen & Robinson, Rupert, for Defendants–Respondents Darwin P. Neibaur and June G. Neibaur. Brent T. Robinson argued.

Byington, Holloway, Whipple & Jones, Chtd., Pocatello, for Defendants–Respondents Ira L. Neibaur and Monica D. Neibaur. Kent D. Jensen argued.

Westberg, McCabe & Collins, Boise, for Defendants–Respondents Darwin Neibaur Farms. Paul Larry Westberg argued.

McDEVITT, Justice.

This case involves a complaint to foreclose against security agreements and real estate mortgages that were executed by respondents to serve as collateral for operating loans that were made by appellant Eastern Idaho Agricultural Credit Association (Credit Association) to respondents Ira L. Neibaur and Monica D. Neibaur, husband and wife, on January 18, 1991 and November 25, 1991. The district court granted summary judgment in favor of respondents and Credit Association appealed. Credit Association seeks reversal of the district court's judgment granting respondents summary judgment and seeks entry of summary judgment in favor of Credit Association.

## I.

### FACTS AND PRIOR PROCEEDINGS

On July 13, 1992, Credit Association [1] filed a complaint for foreclosure against the following respondents who are the subject of this appeal [2]: Ira Neibaur and Monica Neibaur, husband and wife, Darwin Neibaur (a single man), June Neibaur (a single woman), Darwin Neibaur, June Neibaur, Steve Neibaur, Burke Neibaur, Ira Neibaur, Renae Hartley, Corinne Jones, and Dana Lee Dorsey, dba Darwin Neibaur Farms, an Idaho general partnership, (collectively referred to as respondents).

Credit Association's complaint alleged that on or about January 18, 1991, Ira and Monica Neibaur executed a promissory note in favor of Credit Association and agreed to pay Credit Association the principal sum of $612,-683 together with interest thereon at Credit Association's variable and differential interest rate. On November 25, 1991, Ira and Monica Neibaur executed another promissory note in favor of Credit Association and agreed to pay Credit Association the principal sum of $11,670 together with interest thereon at Credit Association's variable and differential interest rate. The amounts due under the January 18, 1991, and the Novem-

---

1. Credit Association is a federally chartered corporation under the Farm Credit System, duly qualified and authorized to conduct business under the laws of the State of Idaho.

2. Stipulations regarding lien positions were entered into between Credit Association and all junior lienholders named in Credit Association's complaint for foreclosure.

ber 25, 1991 promissory notes, were due and payable in full on February 1, 1992.

Credit Association's complaint alleged that $212,935.19 in combined principal remained outstanding and that interest continued to accrue under the January 18, 1991, and the November 25, 1991 promissory notes.

Credit Association claimed that the January 18, 1991, and the November 25, 1991 promissory notes, were secured by two real estate mortgages and perfected security agreements.

In a letter dated January 21, 1992, that was addressed to Ira Neibaur and forwarded to Darwin Neibaur, Credit Association stated that the amounts owed under the January 18, 1991, and the November 25, 1991 promissory notes, "may be" distressed and provided a restructuring application and a copy of the restructuring policy.[3] The January 21, 1992 notice letter, stated that the restructuring application was due by March 12, 1992.

Credit Association's complaint alleged that neither Ira Neibaur nor Darwin Neibaur timely submitted an application to restructure and consequently, all restructure rights under the Agricultural Credit Act of 1987(Act) expired.

In a letter dated May 14, 1992, Credit Association demanded Ira and Monica Neibaur, June Neibaur, and Darwin Neibaur make payment in full for the amounts in default under the January 18, 1991 and the November 25, 1991 promissory notes. The May 14, 1992 letter, acknowledged that on April 24, 1992, Ira and Monica Neibaur submitted a restructure application to Credit Association that was dated April 8, 1992. Credit Association's May 14, 1992 letter, advised that the April 24, 1992 restructure application, was not timely submitted and therefore all restructure rights under the Act expired and Credit Association would not

consider the April 24, 1992 restructure application.

On July 9, 1993, Credit Association filed a motion for summary judgment. On September 3, 1993, respondents filed a motion for summary judgment.

On May 31, 1994, the district court denied Credit Association's motion for summary judgment and granted respondents' motion for summary judgment. The district court held that Credit Association failed to follow federal provisions governing the restructuring of respondents' loan.

On June 14, 1994, Credit Association filed a motion to alter or amend judgment and/or for reconsideration pursuant to I.R.C.P. 59(e). On July 27, 1994, respondents filed a motion to strike the June 14, 1994 Affidavit of Gary L. Rainsdon.

On August 1, 1994, the district court heard oral argument regarding each party's pending motions. On August 2, 1994, the district court denied Credit Association's motion to alter or amend judgment and/or for reconsideration. The district court granted respondents' motion to strike the June 14, 1994 Affidavit of Gary L. Rainsdon. The district court entered judgment dismissing Credit Association's complaint for foreclosure without prejudice on August 2, 1994. The district court awarded attorney fees to respondents. Credit Association appealed to this Court.

## II.

### STANDARD OF REVIEW

 This Court reviews a district court's ruling on motion for summary judgment by applying the same standard properly applied by the district court when originally ruling on the motion. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). When faced with an appeal from summary judgment, this

---

3. Credit Association's complaint alleged:
 As a result of Defendants Neibaur's apparent failure to pay amounts owing on the aforesaid Promissory Notes, on or about January 21, 1992, Plaintiff forwarded to Defendants Neibaur a letter advising that the loans may be distressed, pursuant to The Agricultural Credit Act of 1987 ... (hereafter "Act") as amended,

and of their right to submit an Application for Restructure of said indebtedness.
 Credit Association's counsel informed the district court during an August 1, 1994 hearing, that the loans to Ira and Monica Neibaur were "one-payment" loans and that the loans in the present case did not become due until "nine or ten days" after the January 21, 1992 notice letter.

Court must determine whether pleadings, depositions, and admissions on file, together with affidavits, show there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996). The nonmoving party is to be given the benefit of all favorable inferences which reasonably might be drawn from the evidence and all doubts are to be resolved against the moving party. *Stevenson,* 125 Idaho at 272, 869 P.2d at 1367. This Court exercises free review over questions of law. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.,* 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

In *Brown v. Perkins,* 129 Idaho 189, 923 P.2d 434 (1996), this Court held that when both parties file a motion for summary judgment relying on the same facts, issues, and theories, the parties essentially stipulate that there is no genuine issue of material fact which would preclude the district court from entering summary judgment. *Brown,* 129 Idaho at 191, 923 P.2d at 436. In *Wells v. Williamson,* 118 Idaho 37, 794 P.2d 626 (1990), this Court recognized that when opposing parties file cross motions for summary judgment, based upon different theories, the parties should not be considered to have effectively stipulated that there is no genuine issue of material fact. *Wells,* 118 Idaho at 40, 794 P.2d at 629.

The district court in the present case determined that Credit Association and respondents' cross motions for summary judgment were based upon different theories and that the district court would not consider the cross motions for summary judgment as stipulating there were no genuine issues of material fact. The district court stated:

> The record reflects that EIACA is moving for summary judgment based on the theories that defendants Neibaur failed to timely submit a restructure application, defaulted on their loan, and foreclosure is permitted by law. Plaintiffs [sic] move for summary judgment on various theories including failure to follow federal loan restructure provisions, lack of consideration, and estoppel.

## III.

## THE DISTRICT COURT DID NOT ERR IN RULING CREDIT ASSOCIATION FAILED TO COMPLY WITH RESTRUCTURING DISTRESSED LOANS PROCEDURES PURSUANT TO THE AGRICULTURAL CREDIT ACT

■ Credit Association argues that the district court erred in finding that Credit Association's January 21, 1992 notice letter, was prematurely sent. Credit Association contends that the January 21, 1992 notice letter, was sufficient to trigger respondents' right to 45 days notice that respondents' loan may be suitable for restructuring, prior to Credit Association beginning foreclosure proceedings.

Under 12 U.S.C.A. § 2202a(b)(1), once a qualified lender has determined that a loan made by a qualified lender is or has become a distressed loan, "the lender shall provide written notice to the borrower that the loan may be suitable for restructuring...." 12 U.S.C.A. § 2202a(b)(1) (1989). The qualified lender must provide notice that the loan may be suitable for restructuring and that the lender will review any such suitable loan for restructuring no "later than 45 days before any qualified lender begins foreclosure proceedings with respect to a loan outstanding to any borrower." 12 U.S.C.A. § 2202a(b)(2) (1989).

> A distressed loan is defined by statute as a loan that the borrower does not have the financial capacity to pay according to its terms and that exhibits one or more of the following characteristics:
>
> (A) The borrower is demonstrating adverse financial and repayment trends.
>
> (B) The loan is delinquent or past due under the terms of the loan contract.
>
> (C) One or both of the factors listed in subparagraphs (A) and (B), together with inadequate collateralization, present a high probability of loss to the lender.

12 U.S.C.A. § 2202a(a)(3) (1989).

Credit Association submitted the Supplemental Affidavit of Gary L. Rainsdon in Sup-

port of Motion for Summary Judgment, dated Sept. 13, 1993 (Supplemental Affidavit), to support Credit Association's contention that Credit Association made a determination the loan was distressed on or before Credit Association's January 21, 1992 notice letter. The Supplemental Affidavit stated:

> 5. On or before January 21, 1992, based on the financial information in EIACA's possession, EIACA determined that Defendants Neibaur's loans may be distressed because EIACA determined from the financial information that it was able to obtain, that Defendants Neibaur did not have the financial capacity to pay the loan payment when due. In the January 21, 1992 letter, EIACA sought to have Defendants Neibaur update its financial information so that it could make its final determination in regard to the distressed nature of Defendants Neibaur's loan.

The district court ruled that Credit Association's policy of notifying a borrower of a borrower's right to apply to restructure, at a time when Credit Association only had information indicating the borrower did not have the financial capacity to pay the loan payment when due, was inconsistent with the Agricultural Credit Act. The district court focused upon the language of the January 21, 1992 notice letter, that indicated respondents' loan "may be" distressed in conjunction with the statutory definition of a distressed loan.

While the Supplemental Affidavit alleged that on or before January 21, 1992, Credit Association possessed financial information indicating respondents did not have the financial capacity to pay the loan payment when due, Credit Association did not allege before the September 20, 1993 hearing, or before the district court's May 31, 1994 memorandum opinion, that Credit Association had information on or prior to January 21, 1992, indicating respondents were demonstrating adverse financial and repayment trends or that respondents' loan was delinquent or past due under the terms of the loan. It is undisputed in this case that respondents' loan was a one payment loan and that no payments were due on respondents' loan before or on January 21, 1992.

We hold that the January 21, 1992 notice letter was not sufficient to trigger respondents' right to 45 days notice that respondents' loan may be suitable for restructuring. 12 U.S.C.A. § 2202a(b)(1), (2). Respondents were prejudiced by Credit Association's failure to consider respondents' April 24, 1992 restructure application.

## IV.

## THE DISTRICT COURT DID NOT ERR IN DISMISSING CREDIT ASSOCIATION'S COMPLAINT FOR FORECLOSURE

■ Credit Association argues that the district court erroneously dismissed Credit Association's complaint for foreclosure without prejudice. We disagree.

Under 12 U.S.C.A. § 2202a(b)(2), a qualified lender may not begin foreclosure proceedings, prior to providing a borrower notice no later than 45 days before beginning foreclosure proceedings that the loan may be suitable for restructuring. Respondents were not provided proper notice that their loan might have been suitable for restructuring 45 days prior to Credit Association filing Credit Association's complaint for foreclosure on July 13, 1992. No foreclosure proceedings have been properly instigated in this case. We affirm the district court's dismissal of Credit Association's complaint for foreclosure without prejudice.

## V.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN GRANTING RESPONDENTS' MOTION TO STRIKE THE SUPPLEMENTAL AFFIDAVIT OF GARY L. RAINDSON THAT WAS FILED JUNE 14, 1994

■ On June 14, 1994, Credit Association filed a motion to alter or amend judgment and/or for reconsideration and an affidavit of Gary Rainsdon in support of Credit Association's motion to alter or amend judgment and/or for reconsideration. Credit Association filed briefs in support of Credit Association's motion arguing that the district court

628

should grant Credit Association's motion pursuant to I.R.C.P. 59(e) or 60.

Gary Rainsdon's June 14, 1994 affidavit, alleged, for the first time, that Credit Association determined prior to the January 21, 1992 notice letter, that the respondents demonstrated adverse financial and repayment trends. Based upon this new allegation, Credit Association claimed Credit Association determined prior to the January 21, 1992 notice letter, that respondents' loan was distressed.

Gary Rainsdon's June 14, 1994 affidavit, alleged for the first time that:

6. Additionally, Affiant concluded from the [November 21, 1991] field inspection, the result of prior sales, and other information and analysis in Plaintiff's possession that Defendants' inability to pay the loan when due demonstrated adverse financial and repayment trends.

7. Based upon the information obtained from the field survey and the other information in Plaintiff's possession, on January 21, 1992, Affiant determined that Defendants' loan was distressed and provided to Defendants written notice of their right to submit a restructure application.

Gary Rainsdon's June 14, 1994 affidavit, clearly raised significant new information; Credit Association made a determination respondents were demonstrating adverse financial and repayment trends on or before the January 21, 1992 notice letter, and that Credit Association determined respondents' loan was distressed.

Respondents refer to the Idaho Court of Appeal's holding in Lowe v. Lym, 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982), that when a motion for reconsideration from a final judgment raises new issues or presents new information not addressed by the lower court prior to the lower court's decision, the proper analogy is a motion for relief from judgment pursuant to I.R.C.P. 60(b). Lowe, 103 Idaho at 263, 646 P.2d at 1034. Respondents argue that the district court did not abuse its discretion in striking Gary Rainsdon's June 14, 1994 affidavit.

The notice given by the Credit Association was insufficient to trigger the running of the time to submit a restructuring application even if the Credit Association had made a determination that the loan was distressed. Consequently, the Rainsdon affidavit was irrelevant, and the district court was not required to consider it.

## VI.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEY FEES

Credit Association argues that the amount of attorney fees awarded by the district court was unreasonable.

■ Credit Association bears the burden of showing the district court abused its discretion in awarding attorney fees. *Empire Fire & Marine Ins. Co. v. North Pac. Ins. Co.*, 127 Idaho 716, 720, 905 P.2d 1025, 1029 (1995).

The district court denied respondents' discretionary costs, denied respondents' first attorney's fees, and granted respondents' trial and appellate attorney's fees. The district court exercised its discretion in awarding attorney fees. Credit Association has failed to satisfy its burden of showing the district court abused its discretion in determining the appropriate amount of attorney fees. We affirm the district court's award of attorney fees.

## VII.

## RESPONDENTS ARE ENTITLED TO AN AWARD OF ATTORNEY FEES ON APPEAL

■ Respondents are entitled to attorney fees on appeal pursuant to I.C. § 12–120(3). *See Stevenson,* 125 Idaho at 274–75, 869 P.2d at 1369–70 (awarding prevailing party attorney fees under I.C. § 12–120(3) in a foreclosure action brought by lender on transaction to finance purchase of real property for use as commercial farming operation).

## VIII.

## CONCLUSION

We affirm the judgment of the district court. We award attorney fees and costs to respondents.

TROUT, C.J., and SCHROEDER, J., concur.

JOHNSON, Justice, concurring and concurring in the result.

I concur in parts I, II, V, VI, VII, and VIII of the Court's opinion. I concur in the result of parts III and IV.

12 U.S.C. § 2202a(b)(3) provides:

No qualified lender may foreclose or continue any foreclosure proceeding with respect to any distressed loan before the lender has completed any pending consideration of the loan for restructuring under this section.

In my view, this statute required Credit Association to complete consideration of Ira and Monica Neibaur's April 24, 1992 restructure application before foreclosing.

SILAK, J., concurs.