971 P.2d 1142

STONEWALL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; Progressive Casualty Insurance Company, an Ohio corporation, Plaintiffs–Appellants,

and

Penny Mac Donald and Ken A. Mac Donald, husband and wife, and Jerry A. Oldham, Plaintiffs,

v.

FARMERS INSURANCE COMPANY OF IDAHO, an Idaho corporation, Defendant–Respondent.

No. 23589.

Supreme Court of Idaho, Coeur d'Alene, April 1998 Term.

Dec. 18, 1998.

Rehearing Denied Feb. 24, 1999.

Ramsden & Lyons, Coeur d'Alene, for appellants. Brian T. Watkins argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondent. Eugene L. Miller argued.

SILAK, Justice.

This is an insurance subrogation case arising out of a motor vehicle-pedestrian accident which occurred in March 1993. We affirm the decision of the district court granting the respondent's motion to dismiss and denying the appellants' motion for leave to file an amended complaint.

## I.

## FACTS AND PRIOR PROCEEDINGS

### A. Underlying Facts.

On March 25, 1993, Jerry Oldham (Oldham) was operating a 1982 Honda Civic in Lewiston, Idaho while working as a delivery driver for a Domino's Pizza franchise owned by Confluence Pizza, Inc. (Confluence). While Oldham was delivering a pizza, his vehicle struck a pedestrian, Matthew Jacks (Jacks). Confluence required its delivery drivers to provide and insure their own vehicles. The Civic was owned by Oldham's mother, Penny MacDonald (MacDonald). Oldham was driving the Civic with his mother's permission.

Oldham and MacDonald were insured by an automobile policy issued by respondent Farmers Insurance Company of Idaho (Farmers). Confluence was insured by two policies of insurance. It had an excess business liability policy covering non-owned automobiles issued by appellant Progressive Casualty Insurance Company (Progressive),

and a commercial general liability umbrella policy issued by appellant Stonewall Surplus Lines Insurance Company (Stonewall).

On July 30, 1993, Jacks filed suit against Oldham, MacDonald, Confluence and Domino's. Jacks' complaint alleged several grounds for recovery. Jacks sued Oldham for careless, negligent and reckless operation of the Civic. He sued MacDonald for negligent entrustment and vicarious liability pursuant to I.C. § 49–2417(1). Jacks sued Confluence and Domino's for vicarious liability, the negligent hiring of Oldham, and negligent company policy, i.e., Domino's 30 minute delivery guarantee.

After the suit was filed by Jacks, Farmers denied coverage to MacDonald and Oldham based upon an endorsement entitled E1200 "Amended Business Use Exclusion." The endorsement excluded from coverage any vehicle while used in employment by any person whose "primary duties are the delivery of products or services." MacDonald denied that she had ever received the endorsement prior to the accident. Progressive then tendered the defense in the Jacks suit to Farmers on behalf of Oldham, MacDonald, Confluence and Domino's. Farmers denied the tender and reasserted its denial of coverage for MacDonald and Oldham. Progressive then assumed the duty to defend and indemnify Confluence, Domino's, and Oldham, as an employee of Confluence. In November 1994, Progressive and Stonewall settled the Jacks suit and obtained a discharge and release of liability on behalf of Domino's, Confluence, MacDonald and Oldham.

### B. Procedural Background.

In June 1995, Oldham, McDonald and her husband Ken MacDonald (the MacDonalds), Stonewall and Progressive filed the instant action against Farmers. Oldham and the MacDonalds sought damages for breach of contract and breach of the covenant of good faith and fair dealing. Stonewall and Progressive sought declaratory relief pursuant to the so-called "omnibus clause," a section of Farmers' policy which allegedly provided automobile liability coverage to Penny MacDonald and those using the described vehicle, a 1982 Honda Civic, with her permission.

This clause also allegedly extended coverage to other persons and organizations with respect to legal liability for acts or omissions of any covered person using the insured car.

Farmers thereafter filed a motion to dismiss, but apparently did not specify the rule under which it made the motion. In July 1996, Oldham, the MacDonalds, Stonewall and Progressive filed a motion for leave to file an amended complaint to add a separate claim by Stonewall and Progressive for breach of the covenant of good faith and fair dealing.

On August 8, 1996, Farmers settled with Oldham and the MacDonalds. A Stipulation and Order for Dismissal with Prejudice was filed as a result of the settlement, which provided that the claims of Stonewall and Progressive, the remaining plaintiffs, would not be affected or abridged by the settlement.

On August 13, 1996, the district court held a hearing on Farmers' motion to dismiss and Stonewall's and Progressive's motion for leave to amend their complaint. Because Farmers failed to specify with particularity the grounds upon which its dismissal motion was based, the district court treated it as a motion for judgment on the pleadings pursuant to I.R.C.P. 12(c). With respect to the motion to dismiss, Farmers argued that Stonewall and Progressive had no standing to maintain a direct action against it because neither had privity of contract. Farmers claimed that Stonewall and Progressive should have sought indemnification directly from the MacDonalds who then could have sought coverage from Farmers for any valid judgment against them. Stonewall and Progressive argued that they were entitled to bring a direct action against Farmers because they stood in the shoes of the MacDonalds by way of equitable subrogation.

In granting Farmers' motion to dismiss, the district court ruled that even if Stonewall and Progressive were entitled to maintain an action against Farmers under the theory of equitable subrogation, Stonewall and Progressive possessed no greater rights than the MacDonalds, and because the MacDonalds had settled all their claims with Farmers,

Stonewall's and Progressive's claims were likewise extinguished. With respect to Stonewall's and Progressive's declaratory judgment portion of the complaint, the district court ruled that in order to determine whether Farmers should have indemnified the MacDonalds, the court would first have to make a determination of a disputed factual issue, *i.e.*, whether the business use exclusion endorsement constituted part of the contract of insurance between Farmers and the MacDonalds. The court concluded that a declaratory judgment could not be used to determine disputed factual issues.

The district court denied Stonewall's and Progressive's motion for leave to amend the complaint to add a claim for breach of the covenant of good faith and fair dealing. The court ruled that the amended complaint did not state a valid claim under Idaho law because the duty of good faith and fair dealing exists between insurers and insureds, and does not extend to third parties.

In October 1996, Stonewall and Progressive moved the district court to reconsider its decision pursuant to I.R.C.P. 11(a)(2)(B) and 59(e), which the court denied. Stonewall and Progressive appeal.

## II.

### ISSUES ON APPEAL

1. Whether the district court erred in granting Farmers' motion to dismiss on the ground that the settlement among Farmers, Oldham and the MacDonalds automatically extinguished Stonewall's and Progressive's claims; and whether the district court erred by ignoring the terms of the Stipulation for Dismissal with Prejudice and its own Order which allegedly preserved the claims of Stonewall and Progressive.

2. Whether the district court erred by dismissing Progressive's and Stonewall's request for declaratory relief on the grounds that a disputed fact must be resolved before declaratory relief could be granted.

3. Whether the district court abused its discretion by denying Progressive's and Stonewall's motion to amend their complaint.

   (a) Whether the district court erred in denying Stonewall's and Progressive's motion to amend the complaint to allege a claim for breach of contract in subrogation of rights acquired from Confluence and Domino's.

   (b) Whether the district court erred by not allowing Stonewall and Progressive to amend the complaint to assert a subrogated claim for breach of contract in subrogation of rights acquired from the MacDonalds and Oldham.

   (c) Whether the district court erred when it concluded that an excess insurance carrier's subrogated claim for bad faith failed to state a valid claim under Idaho law.[1]

## III.

### ANALYSIS

A. **The District Court Did Not Err In Granting Farmers' Motion To Dismiss Stonewall's and Progressive's Insurance Contract Claims.**

1. **The district court correctly dismissed Stonewall's and Progressive's direct action.**

■ Farmers argues that had Progressive and Stonewall sought indemnification directly from Penny MacDonald, MacDonald could have sought relief from Farmers for any judgment against her, assuming such relief was in accord with the terms of the policy MacDonald had with Farmers. Because Progressive and Stonewall, however, chose to

1. Farmers argues that Stonewall and Progressive filed a timely appeal only from the district court's denial of their motion for reconsideration and not from the order dismissing the complaint. Farmers thus claims that this Court may only address the issues raised in the motion for reconsideration. We conclude that because Stonewall and Progressive timely served their motion for reconsideration from the district court's order of dismissal pursuant to I.R.C.P. 59(e), and that an appeal was timely taken from the decision on that motion, their appeal is timely as to all issues including those decided by the court's original decision.

sue Farmers directly, the action is barred by Idaho law.

■ Farmers' argument is well taken. A third party may not directly sue an insurance company in an attempt to obtain the coverage allegedly due the insurer's policyholder. In *Pocatello Indus. Park Co. v. Steel West, Inc.*, 101 Idaho 783, 621 P.2d 399 (1980), Pocatello Industrial Park and its liability insurer sought indemnification from an employer and its liability insurer for liability imposed in a prior action brought by an employee against Industrial Park. The Court stated as follows:

It is well established that absent a contractual or statutory provision authorizing the action, an insurance carrier cannot be sued directly and cannot be joined as a party defendant.... We are aware of no direct action statute in Idaho.

*Id.* at 791, 621 P.2d at 407, (citing *Olokele Sugar Co. v. McCabe, Hamilton & Renny Co.*, 53 Haw. 69, 487 P.2d 769 (1971)); *see also, Hettwer v. Farmers Ins. Co. of Idaho*, 118 Idaho 373, 797 P.2d 81 (1990).

In *Downing v. Travelers Ins. Co.*, 107 Idaho 511, 691 P.2d 375 (1984), the plaintiff brought a direct action against the insurer of her husband's employer, claiming benefits under a policy provided to her deceased husband as part of his employment. The Court upheld summary judgment favoring the insurance company, stating:

This is a direct action against an insurer, by a party not a party to the insurance contract. The situation here is similar to a case where A injures B, B has a liability insurance policy with C, and A attempts to sue C directly to recover benefits under the policy. This type of direct action has never been recognized.

*Id.* at 514, 691 P.2d at 378.

Progressive and Stonewall argue that they may bring a direct action because they stand in the shoes of Penny MacDonald by way of equitable subrogation. In *May Trucking Co.*

*v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975), the Court acknowledged the right of an insurance carrier, who pays a loss under an insurance contract, to stand in the shoes of the insured whom it covered in seeking recovery from a tortfeasor. May Trucking and its insurer, Transport Indemnity Company, sued International Harvester. The Court held:

It is clear that the insurer, after paying May Trucking for the damages resulting from collision, is entitled to subrogation against the tortfeasor who is legally responsible for the harm caused the insurer. The net effect of such a finding is that Transport Indemnity Company as the insurer is substituted to any cause of action which May Trucking would be entitled to bring.

*Id.* at 322, 543 P.2d at 1162.

The facts of this case are not analogous to *May Trucking* and violate the no direct action rule stated in the *Pocatello Industrial Park* and *Downing* cases. Here, Domino's and Confluence, and their insurers Stonewall and Progressive, have not sued the tortfeasor Oldham and the owner of the vehicle, MacDonald. Rather, they have pursued a direct action against Farmers, the insurer of MacDonald. This type of direct action is not supported by the case law and moreover, there is no direct action statute in Idaho.[2]

Accordingly, because a direct action by insurance carriers against the alleged insurer of a tortfeasor is not permitted, the district court's order dismissing the complaint with respect to the declaratory judgment action and the contractual claims is affirmed, although on different grounds.

2. **The dismissal of the declaratory judgment action should be affirmed with respect to the rights under the omnibus clause.**

■ Stonewall and Progressive also argue that they sought construction of their rights

---

**2.** *Empire Fire and Marine Ins. Co. v. North Pacific Ins. Co.*, 127 Idaho 716, 905 P.2d 1025 (1995), does not provide support for a direct action. There, two insurance companies provided coverage for the same motorist, who was the lessee of a vehicle. The dispute in that case involved first

party coverage, not, as here, an attempt to obtain third party coverage from the tortfeasor's carrier. Additionally, the question whether a direct action by one insurance company against another was permitted was not decided by the Court.

under the provisions of Farmers' "omnibus clause." Part I of Farmers' policy regarding liability provides as follows:

**Coverage A—Bodily Injury**

**Coverage B—Property Damage**

We will pay **damages** for which any **Insured person** is legally liable because of **bodily injury** to any person and property damage arising out of the ownership, maintenance or use of a **private passenger car, a utility car**, or a **utility trailer**.

We will defend any claim or suit asking for these damages. We may settle when we consider it appropriate.

We will not defend any suit or make additional payments after we have paid the limit of liability for the coverage.

The so-called "omnibus clause" to which Stonewall and Progressive refer follows the above provision:

**Additional Definitions Used In This Part Only**

**Insured person** as used in this part means:

1. You or any **family member**.

2. Any person using **your Insured car**.

3. Any other person or organization with respect only to legal liability for acts or omissions of:

    a. Any person covered under this part while using **your Insured car**.

Stonewall and Progressive claim that they asserted in the district court "a distinct claim of primary coverage" under section 3.a. of the omnibus clause above. Because they are claiming independent, primary coverage under Farmers' policy, Stonewall and Progressive argue that the district court should have addressed this issue even if Farmers' settlement with Oldham and the MacDonalds extinguished Progressive and Stonewall's separate subrogation claim.

Although the district court did not address this issue, we see no reason to remand it for decision, for the omnibus clause itself is clear and may be construed by this Court. The clause provides coverage for "any person or organization with respect only to legal liability for acts or omissions of...." The term "legal liability" does not encompass the liability of these insurance companies, whose lia-

bility is contractual by the terms of their insurance agreements with Confluence and Domino's. Stonewall and Progressive had no "legal liability" for the acts or omissions of "any person [Oldham] covered under this part while using your Insured car, ..." Thus, these insurance companies cannot claim that they are entitled to primary coverage under the Farmers policy.

The district court's order dismissing the complaint with respect to Stonewall and Progressive's contractual claims is affirmed.

**B. The District Court Did Not Abuse Its Discretion In Denying Stonewall's And Progressive's Motion For Leave To Amend The Complaint.**

**1. Amendment with respect to Stonewall's and Progressive's claim for breach of contract in subrogation of rights acquired from Confluence and Domino's.**

Stonewall and Progressive first argue that the district court erred in denying their motion for leave to amend the complaint to allege a claim for breach of contract in subrogation of rights acquired from Confluence and Domino's. It appears to the Court, however, that this claim was sufficiently alleged in the original complaint, and that the district court was never asked to allow an amendment to add such a claim.

Paragraph V under the General Allegations of the original complaint, provided as follows:

Pursuant to an agreement entered into between Penny and Ken MacDonald and Farmers, the MacDonalds were assured under Farmers' policy of insurance no. 75 12827 1521. The policy of insurance was in effect on March 25, 1993.... The policy of insurance afforded automobile liability coverage to Penny MacDonald and those using the described vehicle, a 1982 Honda Civic, with her permission and for other persons and organizations with respect to legal liability for acts or omissions of any covered person using the insured car.

Paragraph XII of the General Allegations provided:

The aforementioned policy of insurance issued by Farmers provided coverage for the damages alleged in the suit brought by Matthew Jacks, and required Farmers to provide a defense to Penny MacDonald, Jerry A. Oldham, Domino's Pizza, Inc., and Confluence Pizza, Inc.

Paragraphs II and III of Count One of the original complaint, the declaratory judgment action brought by Stonewall and Progressive, alleged as follows:

> Farmers' policy of insurance obligated Farmers to share indemnity payments by the proportion that the limits of Farmers' policy of insurance bore to the total applicable limits. Part 1—LIABILITY/COVERAGE A—BODILY INJURY/COVERAGE B—PROPERTY DAMAGE.

> Farmers is liable upon its contract of insurance for contribution by limits, or upon such other basis as is equitable for the ultimate legal liability of Domino's Pizza, Inc., Confluence Pizza, Inc., Penny MacDonald and Jerry A. Oldham to Matthew D. Jacks in the suit brought by Matthew Jacks and the obligation of Progressive and Stonewall to provide indemnity therefor.

In the proposed Amended Complaint, other than clearly adding a separate count for breach of the covenant of good faith and fair dealing for Stonewall and Progressive, the only changes made were insignificant wording changes to the provisions quoted above. The purpose of these changes appears to be to simply clarify the allegations set forth in the original complaint with respect to Stonewall's and Progressive's claim under the omnibus clause which is derived from their insureds, Confluence and Domino's. Thus, the district court was never asked for leave to amend the complaint to add a claim for breach of contract in subrogation of rights acquired from Confluence and Domino's as this claim was already in the complaint.[3]

**2. Amendment with respect to Stonewall's and Progressive's claim for breach of contract in subrogation of rights acquired from Oldham and the MacDonalds.**

■ Stonewall and Progressive next argue that the district court erred by not allowing them to amend the complaint to assert a claim for breach of contract in subrogation of rights acquired from Oldham and the MacDonalds. The proposed amended complaint does not contain such an amendment. However, the issue whether Stonewall and Progressive were subrogated to the rights of Oldham and the MacDonalds was fully argued and decided by the district court upon Farmers' motion to dismiss. As we held above, we affirm the district court's ruling that although Stonewall and Progressive were subrogated to the rights of Oldham and the MacDonalds, such rights were extinguished upon the settlement between Farmers, Oldham and the MacDonalds, and the entry of the stipulation for dismissal.

**3. The district court properly concluded that Stonewall's and Progressive's subrogated claim for bad faith failed to state a valid claim for relief under Idaho law.**

Finally, Stonewall and Progressive argue that the district court erred in failing to allow them to amend their complaint to add a claim for bad faith against Farmers. We disagree.

Rule 15(a) of the Idaho Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." If a responsive pleading has been served, then "a party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." I.R.C.P. 15(a). The decision to grant or deny a motion for leave to amend a complaint is within the sound discretion of the trial court. *Hines v. Hines*, 129 Idaho 847, 853, 934 P.2d

---

3. Apparently, at some time before the hearing on Farmers' motion to dismiss and Stonewall's and Progressive's motion for leave to file an amended complaint, Stonewall and Progressive lodged with the district court a second proposed amended complaint which may have set forth their breach of contract claim via the omnibus clause in a separate count. However, that proposed amended complaint is not part of the record on appeal, and as stated above, Stonewall's and Progressive's pleading with respect to this claim was sufficient in the original complaint.

20, 26 (1997). This Court has recognized that in the interest of justice, courts should favor liberal grants of leave to amend. *Id.*; *Wickstrom v. North Idaho College*, 111 Idaho 450, 453, 725 P.2d 155, 158 (1986). The Court has also recognized, however, that a trial court has not abused its discretion in denying a request for leave to amend a complaint if the new claims proposed to be inserted fail to state a valid claim. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991).

■ In the present case, Stonewall's and Progressive's contention that they, as third party insurance carriers, may prosecute a subrogated claim for bad faith against a primary insurance carrier is an issue of first impression in Idaho. In *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 99, 730 P.2d 1014, 1019 (1986), the Court recognized for the first time the tort of bad faith to be asserted by an insured against an insurer for breach of an insurance contract. The Court held that an imposition of liability for such a tort was warranted due to the special relationship which exists between an insurer and an insured, "which requires that the parties deal with each other fairly, honestly, and in good faith." *Id.* The Court noted that this special relationship between an insurer and an insured is " 'characterized by elements of public interest, adhesion and fiduciary responsibility.' " *Id.* (quoting *Seaman's Direct Buying Serv. v. Standard Oil*, 36 Cal.3d 752, 206 Cal.Rptr. 354, 686 P.2d 1158, 1166 (1984)). Thus, the Court held that such a relationship justifies the recognition of a covenant of good faith and fair dealing. *Id.*

We decline to extend the principle enunciated in *White* to the present case. The factors which gave rise to the duty recognized in *White*, i.e., adhesion, honesty and fiduciary responsibility, are not present in the relationship between Farmers on the one hand and Stonewall and Progressive on the other. While Farmers did owe a fiduciary responsibility to its insureds, Oldham and the MacDonalds, such a duty does not extend to Stonewall and Progressive even though they may have been subrogated to Oldham's and the MacDonalds' contract claims. Thus, we

hold that the district court did not abuse its discretion in denying Stonewall's and Progressive's motion for leave to amend their complaint to add a claim for bad faith, as they did not raise a valid claim recognized in Idaho. *See Black Canyon Racquetball Club, Inc.*, 119 Idaho at 175, 804 P.2d at 904.

## IV.

### CONCLUSION

We hold that the district court properly granted Farmers' motion to dismiss the complaint, because even though Stonewall and Progressive were subrogated to Oldham's and the MacDonalds' claims against Farmers, the right to pursue such claims was extinguished upon entry of the settlement between Farmers, Oldham and the MacDonalds.

We further hold that Stonewall and Progressive had no rights under the omnibus clause.

We further hold that the district court correctly dismissed the declaratory judgment action, although on incorrect grounds.

Finally, we hold that the district court did not abuse its discretion in denying Stonewall's and Progressive's motion for leave to amend the complaint to add a claim for the tort of bad faith. The right of a first party insured to bring such an action against his or her insurer is not extended to insurers bringing bad faith actions against other insurers by way of subrogation.

The order of the district court granting Farmers' motion to dismiss is affirmed. The order of the district court denying Stonewall's and Progressive's motion for leave to amend their complaint is also affirmed. Costs on appeal are awarded to Farmers.

Chief Justice TROUT, Justices JOHNSON and WALTERS, concur.

Justice SCHROEDER, dissenting in part.

I dissent from Part III.A. of the Court's opinion which determines that the district court correctly dismissed Stonewall's and Progressive's direct action against Farmers. Jacks brought an action against MacDonald

who was insured by Farmers. Farmers denied coverage of the claim. Progressive and Stonewall settled the action and sued Farmers. To understand the position of the parties it is best to set forth the entirety of the stipulation and order whereby Progressive and Stonewall sought to preserve rights against MacDonald's insurer, Farmers, and Farmers' agreement to the preservation of such rights if coverage existed:

Comes now Penny MacDonald and Ken A. MacDonald, husband and wife, and Jerry A. Oldham, plaintiffs, by and through their attorney of record, Ned A. Cannon, and Farmers Insurance Company of America, an Idaho corporation, by and through its attorney of record, E.L.Miller, and hereby agree and stipulate that the aforementioned plaintiffs' claims may be dismissed with prejudice and without costs.

In accord with the Release and Agreement of Dismissal of Pending Legal Action, by and between the aforestated parties, it is understood and agreed that this Stipulation and Order for Dismissal, concludes the claims by and between defendant and Mr. and Mrs. MacDonald and Jerry A. Oldham only. The parties hereto acknowledge that the claims of the remaining plaintiffs, Stonewall Surplus Lines Insurance Company and Progressive Casualty Insurance Company, against Farmers Insurance Company of Idaho, shall not be effected or abridged by the settlement and release between the MacDonalds and Jerry Oldham and Farmers Insurance Company nor shall such claims be effected or abridged by this Stipulation and Order for Dismissal with Prejudice.

DATED this 7th day of August, 1996.

SMITH & CANNON

By: /s/ *Ned A. Cannon*
Ned A. Cannon, of Attorneys for the Plaintiffs MacDonald and Oldham

RAMSDEN & LYONS

By: /s/ *Michael E. Ramsden*

Michael E. Ramsden, of Attorneys for Stonewall Surplus Lines Insurance Company and Progressive Casualty Insurance Company

PAINE HAMBLEN COFFIN BROOKE & MILLER

By: /s/ *E.L. Miller*

E.L. Miller, of Attorneys for Defendant, Farmers Insurance Company of America

*ORDER*

Based upon the foregoing and the court finding good cause in the premises and the court finding that the claims of Stonewall Surplus Lines Insurance Company and Progressive Casualty Insurance Company against Farmers Insurance Company of Idaho, shall not be effected or abridged by this Stipulation and Order, hereby

ORDERS that the claims of Ken A. MacDonald and Penny MacDonald, husband and wife, and Jerry A. Oldham, a single person, against Farmers Insurance Company of Idaho shall be dismissed with prejudice and without costs.

DATED this 10th day of August, 1996.

/s/ *Ida RudolphLeggett*

JUDGE

Having paid the claim by Jacks against MacDonald, Farmers' insured, Progressive and Stonewall should be permitted to litigate the claim MacDonald would have had against Farmers for coverage.